UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br><br>          Plaintiff,<br><br>     v.<br><br>CDCR,<br><br>          Defendant. | CASE No. 1:14-cv-01500-LJO-MJS<br><br>FINDINGS AND RECOMMENDATIONS DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PAYMENT OF FILING FEE IN FULL WITHIN TWENTY-ONE DAYS<br><br>(ECF No. 6)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

Plaintiff Gary Dale Barger is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 1, 2014, Plaintiff filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has had three or more actions dismissed as frivolous, as malicious, or for failing to state a claim upon which

1

relief maybe granted.[1]  To meet the imminent danger exception, the complaint must plausibly allege "that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1053-55 (9th Cir. 2007).

Plaintiff alleges he was beaten by a cellmate on November 27, 2013 and now suffers from mild amnesia.  A scar on Plaintiff's throat and partial paralysis impairs his speech and makes swallowing difficult.  The paralysis affects Plaintiff "from fingertip to fingertip" and "from the hips on down."  (ECF No. 5 at 5.)  Plaintiff asserts that his physical condition is painful and that merely forcing him to carry on with the pain is a violation of his Eighth Amendment rights.  (Id.)

Plaintiff alludes to ongoing inadequate medical treatment for his paralysis but fails to explain exactly how the treatment is deficient.  He articulates no specific facts indicating that any named Defendant is subjecting him to imminent danger from any particular and specific harm.  The First Amended Complaint is vague and speculative and therefore fails to satisfy the imminent danger exception.  See Cervantes, 493 F.3d at 1057 n. 11 (A prisoner fails to meet the exception where claims of imminent danger are conclusory.).

In any event, the undersigned concludes that Plaintiff's in forma pauperis application should be denied because he accrued three or more strikes and was not under imminent danger of serious physical harm at the time this action was initiated.  28 U.S.C. § 1915(g).  Plaintiff should be provided with the opportunity to pay the filing fee in full.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Plaintiff's in forma pauperis application (ECF No. 6) should be DENIED,

2.      Plaintiff should be required to pay the $400 filing fee in full within twenty-

---

[1] The Court takes judicial notice of the following cases that qualify as strikes pursuant to 28 U.S.C. § 1915(g): Fisher v. FBI, 1:13-cv-00414-LJO-SAB (E.D. Cal.) (dismissed July 26, 2013 for failure to state a claim); Fisher v. FBI, 1:13-cv-00535-DLB (E.D. Cal.) (dismissed November 21, 2013 for failure to state a claim); Barger v. Casey, 2:13-cv-08889-UA-MAN (C.D. Cal.) (dismissed December 20, 2013 for failure to state a claim); and Fisher v. Bivens, 6 Unknown Agents, 2:14-cv-01439-UA-MAN (C.D. Cal.) (dismissed on March 6, 2014 for failure to state a claim; court acknowledged case nos. 1:13-cv-00414-LJO-SAB, 1:13-cv-00535-DLB, and 2:13-cv-08889-UA-MAN qualified as strikes).

one days of adoption of these Findings and Recommendations, and

3. If Plaintiff fails to pay the $400 filing fee in full within twenty-one days of adoption of these Findings and Recommendations, all pending motions should be terminated and this action dismissed without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 28, 2014            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE